1
2
3
4
5
6
7
8   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
9   AT SEATTLE

| | |
|---|---|
| RICHARD L. McCLUSKEY, individually, on behalf of all other similarly situated persons, and on behalf of the RED DOT CORPORATION EMPLOYEE STOCK OWNERSHIP PLAN, | NO. C09-0449 RSM |
| Plaintiff, | FINAL ORDER AND JUDGMENT: |
| v. | (1) APPROVING SETTLEMENT AGREEMENT; |
| TRUSTEES OF RED DOT CORPORATION EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST; R. BRUCE CHANNER; RICK BOMAN; GARY HANSEN; CHRYSTAL HARVEY; JESSE SMITH; ADMINISTRATIVE COMMITTEE OF RED DOT CORPORATION EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST; and RED DOT CORPORATION EMPLOYEE STOCK OWNERSHIP PLAN, | (2) AWARDING FEES AND COSTS; AND |
| | (3) APPROVING INCENTIVE AWARD |
| | CLASS ACTION |
| Defendants. | |

The matter comes before this Court on the "*Joint Motion to for Final Approval of Class Action Settlement Agreement*" ("Joint Motion") and "*Plaintiff's Application for Attorney Fees and Costs, and Approval of Incentive Award*" ("Application"). The Court has considered the Joint Motion and the Application, and the declarations in

ORDER (1) APPROVING SETTLEMENT AGREEMENT;
(2) AWARDING FEES AND COSTS; AND (3) APPROVING
INCENTIVE AWARD – 1

[Case No. C09-0449 RSM]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

support. In addition, the Court has considered the files and records in this matter, including the Settlement Agreement attached hereto as *Exhibit 1*.

Based upon the record before it, the Court finds, pursuant to FRCP 23(e), that the proposed Settlement Agreement is fair, reasonable and adequate. No class member has objected to the Settlement Agreement, and 23 of 27 class members have elected to take an immediate lump sum distribution. There is no evidence of fraud, collusion or overreaching by the parties or that the rights of absent class members were disregarded. The Settlement Agreement provides real, immediate and substantial benefits to class members.

The Court also finds that Class counsel should be entitled to an award of attorney fees and costs for their efforts in this litigation, and that the incentive award to Plaintiff McCluskey, as set forth in the Settlement Agreement, should be approved.

Accordingly, the Court enters the following finding and conclusions:

## I. FINDINGS

1. The parties reached a settlement, the terms of which are set out in the proposed Settlement Agreement attached to this order as *Exhibit 1*.

2. Class counsel mailed, by United States first-class mail, 27 court-approved notices to class members on August 9, 2010. Election forms and a copy of the Settlement Agreement were included in this mailing.

3. All class members responded to the election form either by returning the form to class counsel, or by speaking to class counsel.

4. Class members were informed of the methods to object or comment on the proposed Settlement Agreement.

5. No class member objected to the proposed Settlement Agreement. One class member sent an email in support of the proposed Settlement Agreement, and

ORDER (1) APPROVING SETTLEMENT AGREEMENT;
(2) AWARDING FEES AND COSTS; AND (3) APPROVING
INCENTIVE AWARD – 2

[Case No. C09-0449 RSM]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

several other class members orally indicated support in telephone calls to class counsel.

## II. CONCLUSIONS

1. Rule 23(e) provides that "a class action shall not be dismissed or compromised without the approval of the court ...." Compromise and arbitration of complex litigation is encouraged and favored by public policy. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

2. A presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery. *See e.g., Pickett v. Holland Am. Line-Westours, Inc.,* 145 Wn. 2d 178, 209, 35 P.3d 351 (2001).

3. The Court has considered the following factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status through trial; the amount offered in the settlement; the stage of the proceedings; the extent of discovery; the recommendation of class counsel; and the lack of objections from class members. Based upon these factors, the Court finds that the proposed Settlement Agreement is fair, reasonable, and in the best interests of the class. Specifically, the Court concludes that the Settlement Agreement was the result of arms-length bargaining. The Settlement Agreement provides the class members with substantial relief, even after the payment of attorneys' fees, costs and incentive awards. The Court concludes that the Settlement Agreement is reasonable, fair, and in the best interests of the class.

4. Class members were provided with adequate notice, and were provided with an opportunity to be heard.

ORDER (1) APPROVING SETTLEMENT AGREEMENT;
(2) AWARDING FEES AND COSTS; AND (3) APPROVING
INCENTIVE AWARD – 3

[Case No. C09-0449 RSM]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

### III.  ATTORNEY FEES AND COSTS

1. Under the Settlement Agreement, Class counsel must apply for attorneys' fees and costs. Settlement Agreement, ¶ 3. The Defendants are responsible for the payment of fees and costs awarded to class counsel, up to $80,000. The Court finds this provision for attorneys' fees and costs to be fair and reasonable.

2. Class counsel has requested a fee and cost award in the amount of $72,000.

3. No class member has objected to the proposed fee and cost award. Defendants have not objected to the proposed fee and cost award.

4. The Court finds that Class counsel's fees and costs are reasonable, and approves class counsel's requested award in the sum of $72,000.

### IV.  INCENTIVE AWARDS

Class counsel has requested court approval of an incentive award to Richard McCluskey, the class representative, of $5,000. Under the terms of the Settlement Agreement, Defendants are responsible for the payment of this incentive award. The Court finds that the incentive award is reasonable, and is hereby approved.

### V.  ORDER AND FINAL JUDGMENT

This Court APPROVES the Settlement Agreement as fair, reasonable and adequate under CR 23. This Court also APPROVES class counsel's request for attorneys' fees and costs in this action in the sum of $72,000, to be paid by Defendants. Finally, this Court APPROVES the payment of an incentive award in the sum of $5,000 to class representative Richard McCluskey, to be paid by Defendants.

This Court shall retain continuing jurisdiction under this matter until all transactions detailed in the Settlement Agreement are completed.

ORDER (1) APPROVING SETTLEMENT AGREEMENT;
(2) AWARDING FEES AND COSTS; AND (3) APPROVING
INCENTIVE AWARD – 4

[Case No. C09-0449 RSM]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

DATED this 4 day of October 2010.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Presented by:

SIRIANNI YOUTZ
MEIER & SPOONEMORE

BY:  */s/ Richard E. Spoonemore*
Richard E. Spoonemore  (WSBA #21833)
719 Second Avenue, Suite 1100
Seattle, WA  98104
Tel. (206) 223-0303; Fax (206) 223-0246

─ AND ─

EKMAN, BOHRER & THULIN, P.S.

BY:  */s/ Charles H. Thulin*
Charles H. Thulin  (WSBA #9039)
220 W. Mercer Street, Suite 400
Seattle, WA  98119
Tel. (206) 282-8221; Fax (206) 285-4587

COUNSEL FOR PLAINTIFF AND THE CLASS


SONG MONDRESS, PLLC

BY:  */s/ Michael P. Monaco*
Michael P. Monaco (WSBA # 24460)
720 Third Avenue, Suite 1500
Seattle, WA  98104
Phone:  (206) 398-1500, Fax:  (206) 398-1501

COUNSEL FOR DEFENDANTS

ORDER (1) APPROVING SETTLEMENT AGREEMENT;
(2) AWARDING FEES AND COSTS; AND (3) APPROVING
INCENTIVE AWARD – 5

[Case No. C09-0449 RSM]